WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sidney Ray Keaton,  <br>   Petitioner,  <br>vs.  <br>Charles L. Ryan, et al.,  <br>   Respondents. | CIV 12-8114-PCT-DGC (MHB)  <br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT COURT:

Petitioner Sidney Ray Keaton, who is confined in the Arizona State Prison Complex-Eyman, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). On September 14, 2012, Respondents filed an Answer (Doc. 10), and on October 1, 2012, Petitioner filed a traverse (Doc. 12).

## BACKGROUND[1]

As set forth in the October 21, 2003 Memorandum Decision issued by the Arizona Court of Appeals:

> [Petitioner] was accused of molesting his girlfriend's ten year old daughter. In September 2000, [Petitioner] was convicted of five counts of child molestation, and was acquitted of two counts of sexual conduct with a minor and one count of child molestation. In September 2001, this court reversed his convictions and vacated his sentences because [Petitioner] had been denied the

---

[1] Unless otherwise noted, the following facts are derived from the exhibits submitted with Doc. 10 – Respondents' Answer.

> right to be present during part of the jury voir dire. The State elected to retry him on the five counts of child molestation. ...
>
> The jury convicted [Petitioner] of three of the charged counts of child molestation, and acquitted him of two of the charged counts. The trial court sentenced [Petitioner] to presumptive, concurrent terms of imprisonment for 17 years.

(Exh. A at ¶¶ 2-6.)

The Arizona Court of Appeals rejected Petitioner's three claims alleged on direct appeal and affirmed his convictions and sentences. (Exh. A at ¶ 33.) On February 17, 2004, the Arizona Supreme Court denied review. (Exh. B.)

Prior to the Arizona Supreme Court's denial of direct appeal review, Petitioner initiated state post-conviction relief (PCR) proceedings by filing a notice of PCR on December 26, 2003. (Exh. C.) He then received a series of extensions before ultimately filing his PCR petition on August 10, 2005. (Exh. D; Exh. F at 2.) In that petition, and in an amended petition that followed, Petitioner raised several claims of ineffective assistance of counsel and a single claim of sentencing error. (Exhs. D, E.) Following the State's response, the trial court denied PCR relief on November 9, 2006. (Exhs. F, G.)

Almost 2 years later – on September 11, 2008 – Petitioner filed a pleading entitled, "amended petition for review" to the Arizona Court of Appeals. (Exh. H.) Although the petition for review appeared to be untimely, the court simply denied review without comment on September 9, 2010. (Exh. I.)

After having filed his petition for review with the Arizona Court of Appeals – but prior to the court's denial of review – Petitioner instituted two additional proceedings in state court. First, on April 28, 2009, Petitioner filed a state petition for habeas corpus relief. (Exh. J.) The State responded, and the trial court summarily dismissed Petitioner's petition on June 26, 2009. (Exhs. K, L.) Petitioner filed an untimely petition for review with the Arizona Court of Appeals on September 17, 2009, but the court dismissed the petition on September 23, 2009, for lack of jurisdiction due to Petitioner's untimeliness. (Exhs. M, N.) The Arizona Supreme Court denied review on January 26, 2010. (Exh. O.)

Second, on October 1, 2009, Petitioner also filed a motion to dismiss his convictions for lack of subject-matter jurisdiction. (Exh. P.) On August 17, 2010, the trial court rejected the motion as procedurally inappropriate. (Exhs. Q, R.)

After the Arizona Court of Appeals' September 9, 2010, denial of review in Petitioner's initial PCR proceeding, Petitioner then filed a "motion to arrest judgment and dismiss the information" on May 2, 2011, in which he alleged that the trial court lacked jurisdiction to convict him. (Exh. S.) The trial court denied that motion and Petitioner's ensuing reconsideration motion on May 24 and June 13, 2011, respectively. (Exhs. T, U.)

Thereafter, on January 6, 2012, Petitioner filed another state habeas corpus petition – this time in the Arizona Supreme Court. The court rejected the petition on February 22, 2012, due to Petitioner's failure to present it first to the superior court and then to the Arizona Court of Appeals as required by the Arizona Rules of Criminal Procedure. (Exh. V.)

On June 12, 2012, Petitioner filed the instant federal habeas corpus petition raising the following eight grounds for relief:

(1) The trial court issued a search warrant without probable cause, accepted a criminal complaint that failed to state a specific criminal act, and abused its discretion by accepting the waiver of a preliminary hearing;

(2) The information and amended information failed to contain a statement of facts or criminal acts, was written duplicitously, contained multiple undifferentiated counts, and provided no double jeopardy protection;

(3) The prosecutor committed misconduct;

(4) Petitioner's trial counsel was constitutionally ineffective;

(5) Petitioner's appellate counsel was constitutionally ineffective;

(6) Petitioner's Rule 32 counsel was constitutionally ineffective;

(7) The trial court abused its discretion in several aspects of Petitioner's trial; and

(8) The Rule 32 judge erred in denying the Rule 32 petition.

(Doc. 1.) On September 14, 2012, Respondents filed an Answer (Doc. 10), and on October 1, 2012, Petitioner filed a traverse (Doc. 12).

\\\

**DISCUSSION**

In their Answer, Respondents contend that Petitioner's habeas petition is untimely and must be dismissed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

"[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). A state petition that is not filed, however, within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 414.

A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." Chavis v. Lemarque, 382 F.3d 921, 925 (9th

1 Cir. 2004). In Arizona, post-conviction review is pending once a notice of post-conviction
2 relief is filed even though the petition is not filed until later. See Isley v. Arizona Department
3 of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief
4 is also pending during the intervals between a lower court decision and a review by a higher
5 court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold,
6 536 U.S. 214, 223 (2002)). However, the time between a first and second application for
7 post-conviction relief is not tolled because no application is "pending" during that period.
8 See Biggs, 339 F.3d at 1048; see also King v. Roe, 340 F.3d 821 (9th Cir. 2003) (The
9 petitioner was "not entitled to tolling during the interval between the completion of one
10 round of state collateral review and the commencement of a second round of review.").
11 Moreover, filing a new petition for post-conviction relief does not reinitiate a limitations
12 period that ended before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d
13 820, 823 (9th Cir. 2003).

14 The statute of limitations under AEDPA is subject to equitable tolling in appropriate
15 cases. See Holland v. Florida, ––– U.S. –––, –––, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130
16 (2010). However, for equitable tolling to apply, a petitioner must show "'(1) that he has been
17 pursuing his rights diligently and (2) that some extraordinary circumstances stood in his
18 way'" and prevented him from filing a timely petition. Id. at 2562 (quoting Pace, 544 U.S.
19 at 418).

20 The Court finds that Petitioner's Petition for Writ of Habeas Corpus is untimely.
21 Petitioner's direct review period became final on May 17, 2004 – 90 days after the Arizona
22 Supreme Court's February 17, 2004 denial of review. See Bowen, 188 F.3d at 1159 (§
23 2244(d)(1)(A)'s direct review period "includes the period within which a petitioner can file
24 a petition for a writ of certiorari from the United States Supreme Court"); Rule 13.1, Rules
25 of the United States Supreme Court (affording parties 90 days from entry of order denying
26 discretionary review by state court of last resort in which to seek certiorari). Petitioner,
27 however, had already initiated state PCR proceedings, which tolled the limitations period
28 until September 9, 2010, when the Arizona Court of Appeals denied his petition for review.

1    Petitioner then let 234 days elapse before filing his "motion to arrest judgment" on
2  May 2, 2011. That proceeding terminated on June 13, 2011, when the trial court issued its
3  final denial in that proceeding. At that point, Petitioner had 131 days – or until October 22,
4  2011 – to file his federal habeas petition. Petitioner, however, filed his federal habeas
5  petition on June 12, 2012, and his Petition is therefore untimely by more than 7 months.[2]

6    As the Court has indicated, the Ninth Circuit recognizes that the AEDPA's limitations
7  period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar.
8  See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997),
9  overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d
10 530, 540 (9th Cir. 1998). Tolling is appropriate when "'extraordinary circumstances' beyond
11 a [petitioner's] control make it impossible to file a petition on time." Id.; see Miranda v.
12 Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger
13 equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule")
14 (citations omitted). "When external forces, rather than a petitioner's lack of diligence,
15 account for the failure to file a timely claim, equitable tolling of the statute of limitations may
16 be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). A petitioner seeking
17 equitable tolling must establish two elements: "(1) that he has been pursuing his rights
18 diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S.
19 at 418. Petitioner must also establish a "causal connection" between the extraordinary
20 circumstance and his failure to file a timely petition. See Bryant v. Arizona Attorney
21 General, 499 F.3d 1056, 1060 (9th Cir. 2007).

22    Here, Petitioner has not proffered any extraordinary circumstance that would justify
23 equitable tolling. To the contrary, Petitioner has demonstrated his ability to pursue post-

---

[2] Petitioner's January 6, 2012, state habeas petition filed directly in the Arizona Supreme Court does not save his federal habeas petition from untimeliness. First, that petition was filed well after his 1-year limitations period had already expired. Second, that petition would not have tolled the limitations period because it was not "properly filed." The Arizona Supreme Court rejected it as not having been filed first in the lower state courts as required by the Arizona Rules of Criminal Procedure.

- 6 -

conviction relief.[3] Additionally, Petitioner's *pro se* status, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."). Lastly, Petitioner's unsupported, single sentence plea for actual innocence "to avoid a fundamental miscarriage of justice" is unpersuasive. Accordingly, Petitioner is not entitled to equitable tolling and his habeas petition is untimely.

## CONCLUSION

Having determined that Petitioner's habeas petition is untimely, the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation

---

[3] Included with his Petition for Writ of Habeas Corpus and traverse, Petitioner has filed over 1500 pages of documents and exhibits in an attempt to support his habeas claims and refute Respondents' Limited Answer. The Court notes that Petitioner's submissions are, at times, indecipherable and disorganized, and multiple submissions fail to indicate state court filing dates.

within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 30th day of November, 2012.

*[signature: Michelle H. Burns]*
Michelle H. Burns
United States Magistrate Judge