**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sidney Ray Keaton, | No. CV-12-08114-PHX-DGC |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al.,, | |
| Respondents. | |

Sidney Ray Keaton filed a petition for writ of habeas corpus pursuant to 42 U.S.C. § 2254 citing eight separate grounds for relief. Doc. 1. On November 30, 2012, Magistrate Judge Michelle H. Burns issued a Report and Recommendation ("R&R") (Doc. 17) recommending that the petition be denied and dismissed with prejudice and that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be denied. On December 13, 2012, Petitioner filed an objection to the R&R. Doc. 18. The deadline for filing a response has passed and the Court considers the motion fully briefed. For the reasons that follow, the Court will accept Judge Burns' recommendation and deny the petition.

**I.    Background.**

This factual background is taken from the R&R which relied on exhibits submitted with Respondents' answer. Doc. 17 at 1, n.1. In his objection, Petitioner does not dispute any of the relevant dates. Doc. 18.

Petitioner was convicted on multiple counts of child molestation and sentenced to concurrent terms of 17 years' imprisonment. The Arizona Court of Appeals rejected

Petitioner's three claims alleged on direct appeal and affirmed his convictions and sentences. On February 17, 2004, the Arizona Supreme Court denied review.

Petitioner filed a notice of state post-conviction relief (PCR) proceedings on December 26, 2003 (before the Arizona Supreme Court denied review) and a PCR petition on August 10, 2005, that raised several claims of ineffective assistance of counsel and a single claim of sentencing error. The trial court denied PCR relief on November 9, 2006.

On September 11, 2008, approximately two years later, Petitioner filed an "amended petition for review" with the Arizona Court of Appeals. The petition for review may not have been timely, and it was denied without comment on September 9, 2010.

Between the date of filing for review with the Arizona Court of Appeals and the date he received a decision from that court, Petitioner filed two additional state court proceedings. On April 28, 2009, he filed a state petition for habeas corpus relief which the trial court summarily dismissed on June 26, 2009. Petitioner then filed a petition for review with the Arizona Court of Appeals on September 17, 2009, which the court dismissed as untimely on September 23, 2009. The Arizona Supreme Court denied review on January 26, 2010.

On October 1, 2009, Petitioner filed a motion to dismiss his convictions for lack of subject-matter jurisdiction. The trial court rejected his motion as procedurally inappropriate on August 17, 2010.

On May 2, 2011, Petitioner filed a "motion to arrest judgment and dismiss the information" in which he alleged that the trial court lacked jurisdiction to convict him. The trial court denied that motion on May 24, 2011, and an ensuing motion to reconsider on June 13, 2011.

Petitioner filed another state habeas corpus petition – this time with the Arizona Supreme Court – on January 6, 2012. The Court rejected the petition on February 22, 2012 because Petitioner failed to present it to the superior court and then to the Arizona

Court of Appeals as required by the Arizona Rules of Criminal Procedure.

Finally, on June 12, 2012 Plaintiff filed this federal habeas corpus petition, raising eight grounds for relief. The R&R recommends denying the petition as untimely.

**II.     Legal Standard.**

A party may file specific, written objections to an R&R within ten days after being served with a copy of the R&R. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court must undertake a de novo review of those portions of the R&R to which specific objections are made. *See id.*; *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1).

**III.    Analysis.**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one year statute of limitations on federal habeas corpus petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The relevant portion of the statute provides that the statute shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 244(d)(1)(A).

The Ninth Circuit has explained that "the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Additionally, "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

Applying those standards, Judge Burns found that the petition was untimely. Petitioner's claim for direct review was denied by the Arizona Supreme Court on February 17, 2004 and he had 90 days from that date to submit a petition for a writ of certiorari to the United States Supreme Court. Rule 13.1, Rules of the United States

Supreme Court (affording parties 90 days from entry of order denying discretionary review by state court of last resort in which to seek certiorari.). The statute would have begun to run on May 17, 2004 when the 90 days expired, but Petitioner had already initiated state PCR proceedings which tolled the limitations period until September 9, 2010, when the Arizona Court of Appeals denied his petition for review. *See Isley v. Arizona Department of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004) (noting that in Arizona, post-conviction review is pending once a notice of post-conviction relief is filed even though the petition is not filed until later).

From September 9, 2010, until May 2, 2011, Petitioner had no pending state court claims. Judge Burns found that 234 of the 365 days elapsed during that period. The statute began running again on June 13, 2011, when the May 2, 2011, motion was finally denied. It continued to run until the full year was completed on October 22, 2011. Petitioner did not file his federal habeas petition until June 12, 2012, more than seven months after the statute of limitations had expired.

Petitioner makes five objections to the R&R, but only three are relevant to the dispositive statute of limitations issue: (1) the statute of limitations does not apply to fundamental constitutional or jurisdictional claims, (2) the one year statute of limitations had not yet expired when Petitioner filed this action, and (3) claims of ineffective assistance of counsel are not subject to the statute of limitations.[1] The Court will address each argument in turn.

### 1. Fundamental or Jurisdictional Claims.

Petitioner claims that subject matter jurisdiction and double jeopardy claims cannot be time-barred because they are of "fundamental constitutional magnitude." He

---

[1] One of the additional objections asserted that Respondent's answer was submitted three days after the Court imposed deadline. It is within the Court's discretion to consider materials submitted after Court imposed deadlines, and the motion to exclude Respondents' answer was denied. Doc. 16. The other objection was that Judge Burns did not read the full text of the exhibits attached to the petition. This objection is irrelevant to the merits of the statute of limitations argument and provides no independent basis for rejecting the R&R.

cites no authority for this proposition. He does cite *U.S. v. Cotton*, 535 U.S. 625, 630 (2002), which explains how a defect in the subject matter jurisdiction of a federal court cannot be waived. At issue here, however, is not the subject matter jurisdiction of a federal court, but federally-imposed time limits for seeking relilef from allegedly improper procedures in state court. *Cotton* says nothing about the application of the AEDPA statute of limitations to Petitioner's claims, and the Court is aware of no authority suggesting that the limitations period does not apply to his claims. Petitioner cites *Benton v. Maryland*, 395 U.S. 784, 810 (1969), for the proposition that the rule against double jeopardy is "fundamental," but the case provides no authority for the proposition that habeas petitions asserting particular rights are not subject to the AEDPA statute of limitations. The Court denies this objection.

### 2. Expiration Date of the Statute of Limitations.

Petitioner argues that Judge Burns' improperly calculated the day upon which the statute would lapse. Judge Burns found that the statute began running when the Arizona Court of Appeals denied his petition for review on September 9, 2010. Petitioner suggests that the statute should have been tolled when he filed a motion with the Apache County Superior Court on September 13, 2010 entitled "Request for copies of any affidavits or complaints filed to establish probable cause to issue arrest and/or search warrant." Doc. 12-3 at 28.

Even if this motion were construed as another form of seeking review of his conviction, it was granted on September 15, 2010. Doc. 12-3 at 30. As of that date, there were again no pending actions challenging Petitioner's conviction. He alleges that the State's failure to comply with the Superior Court's order somehow impeded him from filing additional challenges to his conviction, but fails to explain how or why the State's failure unconstitutionally impeded him from making a federal habeas claim. 28 U.S.C. § 224(d)(1)(B). Thus, even if the statute of limitations was tolled an additional six days to account for Plaintiff's motion to the Superior Court, it still lapsed long before he filed his federal petition.

### 3. Ineffective Assistance of Counsel.

Petitioner claims that because Arizona law requires that ineffective assistance of counsel claims be brought in collateral proceedings rather than on direct review, he cannot be barred from bringing this claim. *See Martinez v. Ryan*, 132 S. Ct. 1309, 1313 (2012). There are two problems with petitioner's argument. First, he has brought at least two state collateral challenges – the state habeas petition and the PCR petition – through which he could have brought, and at least in the case of PCR claim did bring, ineffective assistance of counsel claims. Second, in *Martinez* the Supreme Court held that ineffective assistance of counsel claims might overcome state procedural bars (e.g. preclusion when the issue was not asserted on direct review), but said nothing about the application of the AEDPA statute of limitations to a state court conviction. Plaintiff was free to raise his ineffective assistance of counsel claim in a federal habeas petition at any time before the statute of limitations expired and he did not. *Martinez* provides no grounds for rejecting the R&R.

**IT IS ORDERED:**

1. Petitioner's objection to the R&R (Doc. 18) is **denied.**

2. The Report and Recommendation of Magistrate Judge Burns (Doc. 17) is **adopted,** Petitioner's petition for a writ of habeas corpus (Doc. 1) is **denied,** and a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are denied.

3. Petitioner's motion to preclude (Doc. 19) is **found to be moot**.

4. The Clerk is directed to terminate this action.

Dated this 6th day of February, 2013.

_____
David G. Campbell
United States District Judge